IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS O. BYRD, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FROST individually and | : | |
| d/b/a CAR & S.U.V. OUTLET and | : | |
| CREDIT ACCEPTANCE FINANCIAL | : | |
| SERVICES, INC. d/b/a CREDIT | : | |
| ACCEPTANCE CORPORATION, | : | No.  08-4949 |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                        **December 29, 2008**

On October 17, 2008 Defendants, Michael Frost and Credit Acceptance Financial Services, Inc. ("Credit Acceptance") removed this action, pursuant to 28 U.S.C. § 1441, from the Philadelphia County Court of Common Pleas. Currently before the Court is Plaintiff's motion to remand. For the reasons below, the Court grants this motion.

**I.     BACKGROUND**

Plaintiff, Dennis O. Byrd, who purchased a car from Frost and financed the purchase through Credit Acceptance, alleges that Defendants engaged in a fraudulent scheme to extort additional money from him after he purchased the car. According to the Complaint, Plaintiff visited Frost's dealership, Car & S.U.V. Outlet, on July 12, 2007, after viewing an advertisement for a used 2003 Pontiac Grand Prix listed at $7,500. (Compl. ¶ 5.) At the dealership, Frost informed Plaintiff that the price of the car was actually $14,000. (*Id.* ¶ 6.) Plaintiff made a down payment of $4,000, signed sale and financing documents, including a Retail Installment Sales Contract, and drove the

car home from the dealership. (*Id.* ¶¶ 9, 10.) Frost gave Plaintiff temporary tags for the car, but unknown to Plaintiff, did not transfer registration into Plaintiff's name. (*Id.* ¶ 11.)

Frost later contacted Plaintiff and falsely informed him that the loan had not been approved and that Plaintiff should return the car to the dealership. (*Id.* ¶ 12.) Frost then demanded an additional $2,000 from Plaintiff if he wanted to keep the vehicle. (*Id.* ¶ 13.) Plaintiff refused, stating that he had already made the first payment to Credit Acceptance, which he was obligated to do under the financing agreement he had signed. (*Id.* ¶ 14.) Plaintiff subsequently made a second payment. (*Id.* ¶ 15.) When Plaintiff did not receive his next statement from Credit Acceptance, he inquired and was advised that the sale was cancelled by Frost. (*Id.* ¶ 16.) Credit Acceptance refused to help Plaintiff and informed him that the matter was between him and Frost.[1] (*Id.*)

Frost continuously harassed Plaintiff in an effort to repossess the vehicle — he repeatedly called Plaintiff at home, threatening him, and told Plaintiff's employer that Plaintiff had stolen a car. (*Id.* ¶ 17.) Ultimately, in October 2007, Frost repossessed the vehicle. (*Id.* ¶ 18.) Plaintiff's nephew attempted to regain the vehicle for his uncle, but Frost would only redo the paperwork and return the vehicle if he received another $600. (*Id.* ¶¶ 19-20.) Plaintiff's nephew returned five times to the dealership to complete paperwork and get the vehicle back, but the matter was not resolved. (*Id.* ¶ 21.) Around this time, Credit Acceptance also returned one of Plaintiff's monthly payments. (*Id.* ¶ 22.) Credit Acceptance subsequently failed to provide Plaintiff with a statement of his account, despite Plaintiff's requests. (*Id.* ¶ 23.)

Based on the above, Plaintiff brought ten state-law claims against Defendants, including one

---

[1] Plaintiff further alleges that, in light of prior litigation between the two, Credit Acceptance was aware of Frost's fraudulent business practices. (Compl. ¶¶ 25-26.)

under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Plaintiff's UTPCPL claim alleges several distinct violations. Plaintiff claims that Defendants violated the UTPCPL by misrepresenting material matters related to the advertisement, quality, source, sale, and financing of the vehicle he purchased. Plaintiff also asserts that Defendants violated the UTPCPL by breaching the Pennsylvania Motor Vehicle Sales Finance Act, 69 Pa. Cons. Stat. Ann. § 604, and two federal statutes, the Truth in Lending Act ("TILA") and the Equal Credit Opportunity Act ("ECOA").

## II.   STANDARD OF REVIEW

A defendant may remove a civil action that could have originally been brought by the plaintiff in federal court. *See* 28 U.S.C. § 1441(a) (2008) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . ."). The defendant bears the burden of showing the existence of federal jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Because lack of jurisdiction would make any decree in the case void and continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995); *see also Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996). Accordingly, if there is any doubt as to the propriety of removal, a case should not be removed to federal court. *Brown*, 75 F.3d at 865.

As the parties in this case are not completely diverse, this Court has subject matter jurisdiction — and therefore Defendants can remove — only if Plaintiff's Complaint presents a

federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331 (federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). When federal question jurisdiction provides the basis for removal, the propriety of the removal rests on whether plaintiff's well-pleaded complaint raises claims that arise under federal law. *Caterpillar*, 482 U.S. at 392. In those instances in which federal law creates the cause of action, subject matter jurisdiction is undeniable. In cases where state law creates the cause of action, however, a case may only arise under federal law if the well-pleaded complaint demonstrates that the right to relief "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). If it appears that this Court lacks subject matter jurisdiction, the appropriate course of action is to remand the matter to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.   DISCUSSION

Defendants assert that this Court has subject matter jurisdiction over this action because Plaintiff "expressly and extensively pleads putative causes of action under two federal statutes," TILA and ECOA. (Defs.' Br. in Opp'n to Pl.'s Mot. to Remand at 1.) In contrast, Plaintiff asserts that he did not invoke federal jurisdiction because he is "not seeking remedies directly under and/or through these statutes," but instead, "the allegations contained in the Complaint regarding the Defendants' violations of [the TILA and the ECOA] are illustrative of defendants misleading and deceptive practices in violation of the [UTPCPL]." (Pl.'s Mot. to Remand ¶ 7.) Certainly, if

Plaintiff pled a TILA or an ECOA violation and sought relief under either of those statutes, this Court would have jurisdiction. *See Lowes v. Hill & Co. Real Estate*, No. 04-4854, 2006 WL 463517, at *1 (N.D. Cal. Feb. 24, 2006) (noting that matter was properly removed based on ECOA claim); *Chandler v. Riverview Leasing*, 602 F. Supp. 157 (E.D. Pa. 1984) (action properly removable where plaintiff alleged violations of and sought relief under TILA). Although Plaintiff's Complaint asserts violations of these federal statutes, a closer reading of the Complaint reveals that Plaintiff alleged violations of TILA and ECOA as theories that support a UTPCPL violation, not as violations of federal law for which he seeks relief.

Plaintiff's UTPCPL claim first charges Defendants with violating several sections of the statute which list conduct that, by definition, constitutes unfair methods of competition and unfair and deceptive trade practices. Next, under a subheading, Plaintiff alleges that Defendants violated various sections of the Pennsylvania Motor Vehicles Sales Financing Act, in connection with which Plaintiff "claim[ed] all damages to which he is entitled arising from Defendants' violations of the [UTPCPL]." (Compl. ¶¶ 121-27.) Under Plaintiff's last two subheadings, "Violations of the Truth in Lending Act" and "Violations of the Equal Credit Opportunity Act Article IV," Plaintiff sets forth Defendants' alleged violations of those federal statutes.

Since Plaintiff did not explicitly tie his request for relief under those final two subheadings to the UTPCPL, Defendants conclude that Plaintiff is seeking relief under the TILA and the ECOA and therefore pleading a federal claim. To the contrary, the ad damnum clause following the list of Defendants' federal violations reads:

> WHEREFORE, plaintiff demands judgment against the defendants in excess of Fifty Thousand Dollars ($50,000), together with attorney's fees, interest, costs, and treble damages and such equitable relief as the Court may find appropriate.

(Compl. at 20.) That Plaintiff requests treble damages — relief that is available under the UTPCPL, but not the TILA nor the ECOA — reveals that Plaintiff is seeking relief under state law, not federal law. *Compare* 73 PA. CONS. STAT. ANN. § 201-9.2 (authorizing a court to award treble damages for a UTPCPL violation) *with* 15 U.S.C. § 1640 (specifying relief under TILA, which does not include treble damages); *id.* § 1691e (specifying relief under ECOA, which does not include treble damages). Accordingly, Defendants' alleged TILA and ECOA violations are merely two theories on which Plaintiff plans to proceed to establish a state law UTPCPL violation.

This Court, however, would still have jurisdiction if "the vindication of [Plaintiff's] right[s] under state law necessarily turned on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. But, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc.*, 478 U.S. at 813. The federal issue must be "an essential one," "in the forefront of the case and not collateral, peripheral, or remote." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (internal quotations omitted). Furthermore, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The federal issues in this case are not essential to establishing Plaintiff's right to relief. Given the other violative conduct he has alleged, Plaintiff could prevail on his UTPCPL claim without even mentioning federal law. The TILA and ECOA violations are merely two theories, in addition to the various theories based on state law, that Plaintiff has asserted to establish his right to relief under the UTPCPL. This is insufficient, however, to establish federal jurisdiction.

In an analogous context, the Supreme Court addressed whether the Court of Appeals for the Federal Circuit, which has jurisdiction over patent appeals, had jurisdiction over a plaintiff's antitrust and state law interference with business relationships claims. *Christianson v. Colt Indus. Operation Corp.*, 486 U.S. 800 (1988). The Court explained that whether a matter "arises under" patent law pursuant to 28 U.S.C. § 1338(a) should be construed similarly to the "arising under" language contained in § 1331. Accordingly, the Court concluded that a matter arises under patent law where "patent law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson*, 486 U.S. at 809. From there, the Court concluded that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential *to each of those theories*." *Id.* at 810 (emphasis added). The Federal Circuit therefore lacked jurisdiction under § 1338(a) because "[t]he patent-law issue, while arguably necessary to at least one theory under each claim, [was] not necessary to the overall success of either claim." *Id.*

As discussed above, the TILA and the ECOA provide merely two theories among many on which Plaintiff might succeed on his UTPCPL claim. Pursuant to the logic of *Christianson* then, federal law does not comprise an essential element of Plaintiff's Complaint so as to warrant jurisdiction.[2] *See Masey v. Gibson*, Civ. A. No. 08-2078, 2008 WL 2704977 (D.S.C. July 9, 2008) (remanding to state court where complaint alleged that defendant violated the South Carolina

---

[2] In addition, there is no reason why the Philadelphia Court of Common Pleas would not be capable of handling this matter. This is an action based almost entirely on state law. To the extent federal TILA and ECOA issues exist, the Court of Common Pleas should be familiar with these statutes by virtue of their concurrent jurisdiction with federal courts over TILA and ECOA claims. *See* 15 U.S.C. § 1640(e); *id.* § 1691e(f).

7

Consumer Protection Code by virtue of violating TILA and by breaching state laws); *People of California v. H&R Block, Inc.*, Civ. A. No. 06-2058, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (remanding to state court where violating TILA was one of eight means through which defendant allegedly violated state unfair competition law). Since Plaintiff's Complaint does not arise under federal law, this Court must remand the matter to state court.[3]

Plaintiff also requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), although he did not brief the issue in his papers. A district court has the discretion to award costs and fees under this section. *Lopez v. Home Depot, Inc.*, Civ. A. No. 08-1020, 2008 WL 2856393, at *5 (E.D. Pa. July 22, 2008) (quoting *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although this Court disagrees with Defendants' position, they had a reasonable basis for seeking removal. Accordingly, Plaintiff is not entitled to recover his costs and fees.

---

[3] The Court also rejects Defendants' argument that jurisdiction exists pursuant to the artful pleading doctrine. "[A] plaintiff may not defeat removal by omitting to plead *necessary federal questions* in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22 (emphasis added). The artful pleading doctrine "allows removal where federal law completely preempts a plaintiff's state law claim," so that a plaintiff cannot avoid federal jurisdiction by artfully pleading his claim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986). In contrast, where a defendant's conduct gives rise to federal and state law violations and a plaintiff chooses not to raise federal claims in lieu of proceeding solely under state law, the artful pleading doctrine is inapplicable. Here, Plaintiff, as the master of his Complaint, is entitled to forego any federal claims he could have brought to remain in state court.

**IV.     CONCLUSION**

For the above reasons, this Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, this matter shall be remanded to the Philadelphia Court of Common Pleas. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS O. BYRD,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL FROST individually and** | : | |
| **d/b/a CAR & S.U.V. OUTLET and** | : | |
| **CREDIT ACCEPTANCE FINANCIAL** | : | |
| **SERVICES, INC. d/b/a CREDIT** | : | |
| **ACCEPTANCE CORPORATION,** | : | No.   08-4949 |
| Defendants. | : | |

## ORDER

AND NOW, this **29th** day of **December, 2008**, after consideration of Plaintiff's Motion to Remand and Defendants' response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff's motion to remand (Document No. 3) is **GRANTED**.

2. Plaintiff's motion for attorney's fees and costs is **DENIED**.

3. Defendants' motion to compel arbitration (Document No. 4) is **DENIED as moot**.

4. This case is **REMANDED** to the Philadelphia Court of Common Pleas.

5. The Clerk of Court is directed to close this matter.

BY THE COURT:

_____
**Berle M. Schiller, J.**